AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

UNITED STATES OF AMERICA
V.

ZHONG LING CHEN

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-05-792(FB)
USM Number: 73677-053

J. JEFFREY WEISENFELD, ESQ. 401 BROADWAY, SUITE 306, NEW YORK, NY 10013
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   ONE OF AN INFORMATION.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| T. 18 U.S.C. 2320 | TRAFFICKING IN COUNTERFEIT GOODS | | 1 |

The defendant is sentenced as provided in pages 2 through ____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)  ALL OPEN   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

AUGUST 17, 2006
Date of Imposition of Judgment

Signature of Judge

FREDERIC BLOCK, U.S.D.J.
Name and Title of Judge

August 22, 2006
Date

DEFENDANT: ZHONG LING CHEN
CASE NUMBER: CR-05-792(FB)

# PROBATION

The defendant is hereby sentenced to probation for a term of :
THREE (3) YEARS.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page _____ of _____

DEFENDANT: ZHONG LING CHEN
CASE NUMBER: CR-05-792(FB)

## ADDITIONAL PROBATION TERMS

1) THE DEFENDANT SHALL SERVE ONE (1) YEAR IN HOME CONFINEMENT AND PAY THE COST OF SUCH CONFINEMENT;

2) THE DEFENDANT SHALL COMPLY WITH THE FINE ORDERED IN THIS JUDGEMENT, AND

3) THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM AS APPROVED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COST OF SUCH SERVICES RENDERED AND/OR ANY PSYCHOTROPIC MEDICATIONS PRESCRIBED TO THE DEGREE HE IS REASONABLY ABLE, AND SHALL COOPERATE IN SECURING ANY APPLICABLE THIRD-PARTY PAYMENT. THE DEFENDANT SHALL DISCLOSE ALL FINANCIAL INFORMATION AND DOCUMENTS TO THE PROBATION DEPARTMENT TO ASSESS HIS ABILITY TO PAY.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page _____ of _____

DEFENDANT: ZHONG LING CHEN
CASE NUMBER: CR-05-792(FB)

Judgment — Page _____ of _____

DEFENDANT: ZHONG LING CHEN
CASE NUMBER: CR-05-792(FB)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 2,000.00 | $ 00.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☑ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page ____ of ____

DEFENDANT: ZHONG LING CHEN
CASE NUMBER: CR-05-792(FB)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

THE DEFENDANT SHALL PAY THE FINE AT THE RATE OF $500.00 MONTHLY, AND PAYMENTS SHALL COMMENCE 30 DAYS FROM THE DATE OF THIS JUDGMENT, WITH THE FINE BEING PAID IN FULL BY THE END OF THE DEFENDANTS TERM OF PROBATION. THE INTEREST IS WAIVED.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page ____ of ____

DEFENDANT: ZHONG LING CHEN
CASE NUMBER: CR-05-792(FB)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

THE DEFENDANT SHALL PAY THE FINE AT THE RATE OF $500.00 MONTHLY, AND PAYMENTS SHALL COMMENCE 30 DAYS FROM THE DATE OF THIS JUDGMENT, WITH THE FINE BEING PAID IN FULL BY THE END OF THE DEFENDANTS TERM OF PROBATION. THE INTEREST IS WAIVED.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page _____ of _____

DEFENDANT: ZHONG LING CHEN
CASE NUMBER: CR-05-792(FB)

## ADDITIONAL FORFEITED PROPERTY

THE DEFENDANT SHALL COMPLY WITH THE FINAL ORDER OF FORFEITURE INCLUDED IN THIS JUDGMENT.

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

FINAL ORDER OF
FORFEITURE

- against -

05-CR-792 (FB)(MDG)

ZHONG LING CHEN,

           Defendant.

- - - - - - - - - - - - - - -X

WHEREAS, on October 18, 2005, the defendant ZHONG LING CHEN, plead guilty to the Information charging him with trafficking and attempting to traffic in counterfeit goods, to wit, compact discs and digital video discs, in violation of 18 U.S.C. § 2320(a); and the Government sought criminal forfeiture of property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, or in the alternative, substitute assets of the Defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, on December 7, 2005, this Court entered a Preliminary Order of Forfeiture against the defendant, ZHONG LING CHEN for a Money Judgment in the amount of One Hundred Thousand Dollars and No Cents ($100,000.00) and against the following properties:

    a. 35,650 counterfeit compact discs;

b. 9,244 counterfeit digital video discs;

c. 30,400 compact disc jewel cases;

d. 21,800 compact disc jewel case inserts;

e. 1,256 digital video disc cases;

f. 11,200 sheets of 17-inch by 11-inch paper;

g. counterfeit compact disc labels;

h. counterfeit digital video disc labels;

i. one shrink-wrap machine;

j. one industrial paper cutter;

k. two small papers cutters;

l. copier toner;

m. 156 compact disc duplicating machines;

n. 12,400 blank compact discs;

o. eight compact disc printers;

p. 11 computer processing units;

q. two photocopiers;

r. one electronic paper folder;

s. one color laser jet printer;

t. one digital video disc drive;

u. six VHS cassettes;

v. one cellular telephone;

w. one cellular telephone holder;

x. two pagers; and

y. three video cameras.

WHEREAS, in accordance with Fed. R. Crim. P. 32.2(b)(3), legal notice of publication of the Preliminary Order of Forfeiture was made in the *Wall Street Journal,* a daily newspaper of general circulation in the Eastern District of New York on January 5, 2006, January 12, 2006, and January 19, 2006; no third party has filed with the Court any petition in connection with these funds and properties and the time to do so under 21 U.S.C. § 853(n)(2) has long expired.

IT IS HEREBY ORDERED AND ADJUDGED that:

1. Pursuant to Fed. R. Crim. P. 32.2(c)(2), the Preliminary Order of Forfeiture previously entered by this Court is hereby made a Final Order of Forfeiture.

2. The sum of One Hundred Thousand Dollars and No Cents ($100,000.00) and the following properties:

   a. 35,650 counterfeit compact discs;

   b. 9,244 counterfeit digital video discs;

   c. 30,400 compact disc jewel cases;

   d. 21,800 compact disc jewel case inserts;

   e. 1,256 digital video disc cases;

   f. 11,200 sheets of 17-inch by 11-inch paper;

   g. counterfeit compact disc labels;

   h. counterfeit digital video disc labels;

   i. one shrink-wrap machine;

   j. one industrial paper cutter;

k. two small papers cutters;

l. copier toner;

m. 156 compact disc duplicating machines;

n. 12,400 blank compact discs;

o. eight compact disc printers;

p. 11 computer processing units;

q. two photocopiers;

r. one electronic paper folder;

s. one color laser jet printer;

t. one digital video disc drive;

u. six VHS cassettes;

v. one cellular telephone;

w. one cellular telephone holder;

x. two pagers; and

y. three video cameras

are hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981, 982 and 21 U.S.C. § 853.

3. The United States Department of Treasury is hereby directed to dispose of the forfeited properties in accordance with all applicable laws and rules.

4. The Clerk of Court shall attach a copy of this Final Order of Forfeiture to the Judgment against the defendant, which is hereby made a part of the Court's sentence.

Brooklyn, New York  SO ORDERED:
Dated: August 17, 2006

_____
HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE